IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                   ORDER

   v.                              11-CR-141-WMC-01

DOUGLAS CARL TUESCHER,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Douglas Carl Tuescher's supervised release was held on June 7, 2012, before U. S. District Judge William M. Conley. The government appeared by Assistant U. S. Attorney Elizabeth Altman. Defendant was present in person and by counsel, Associate Federal Defender Kelly A. Welsh. Also present was U. S. Probation Officer Michael J. Nolan.

From the record I make the following findings of fact.

## FACTS

Defendant was sentenced in the District of Utah on December 13, 2007, following his conviction for felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). This offense is a Class C felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 63 months, with a 36-month term of supervised release to follow.

On September 28, 2010, the Honorable Dale A. Kimball modified defendant's conditions to include a placement at a residential reentry center upon his release from Bureau of Prisons' custody. On October 17, 2011, defendant began his term of supervised release in the Western District of Wisconsin. On December 20th of last year, the Western District of Wisconsin officially accepted jurisdiction of defendant's supervised release.

On January 27, 2012, defendant violated the mandatory condition prohibiting him from committing another federal, state or local crime when he was involved in a traffic accident. One month later, February 27th, he was convicted of knowingly operating while suspended and causing property damage and refusal to take a test for intoxication after arrest (Rock County, Wisconsin, Circuit Court Case Nos. 2012TR003628 and 2012TR003639). Exactly a month after this conviction, March 27th, the defendant appears to have violated the same mandatory condition as evidenced by his arrest and charge with disorderly conduct, criminal trespass to dwelling, and misdemeanor bail jumping (Rock County, Wisconsin, Circuit Court Case No. 2012CM000782).

On March 29th, the defendant admitted drinking alcohol on the March 27th violation of Special Condition No. 1 prohibiting him from using or possessing alcohol, Special Condition No. 2 prohibiting him from consuming alcohol during the course of alcohol and drug treatment, and Special Condition No. 3 prohibiting him from consuming alcohol during the course of mental health treatment or medication.

On May 20th, the defendant again violated the mandatory condition prohibiting him from committing another federal, state or local crime when he was arrested and charged with operating while intoxicated 4th offense and operating after suspension. On May

24th, the defendant admitted consuming alcohol on May 19th and 20th, as well as to associating with convicted felon Marty Caban, without permission of a probation officer in violation of Standard Condition No. 9. The next day, the defendant admitted lying to his probation officer on May 24th about his true relationship with convicted felon Marty Caban, in violation of Standard Condition No. 3.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court has the discretion to revoke supervised release, extend it or modify the conditions of release.

## CONCLUSIONS

Defendant's violations warrant revocation. Accordingly, the 36-month term of supervised release imposed on defendant on December 12, 2007, will be revoked.

Defendant's criminal history category is VI. With a Grade C violation and a Criminal History Category VI, defendant has an advisory guideline range of imprisonment of 8 to 14 months. The statutory maximum to which defendant can be sentenced upon revocation is two years, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which the defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence in the middle of the guideline range. The intent of this sentence is to hold defendant accountable for these violations, protect the community, and provide specific and general deterrence.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on December 12, 2007, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 9 months. I recommend that the defendant undergo a full psychological and medical evaluation at the earliest opportunity. I also recommend that the defendant receive the opportunity to participate in substance abuse treatment while confined and mental health counseling, and that he be afforded prerelease placement in a residential reentry center with work release privileges. A 24-month term of supervised release is ordered to follow the term of imprisonment. All standard and special conditions of supervised release previously imposed shall remain in effect.

Defendant is to be registered with local law enforcement agencies and the State Attorney General before his release from confinement.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 7th day of June 2012.

BY THE COURT:

William M. Conley
U.S. District Judge